VÁZQUEZ, PLAINTIFF AND APPELLEE, *v.* MAYMÍ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in Injunction Proceedings.

No. 2761.—Decided March 8, 1923.

INJUNCTION—RECOVERY OF POSSESSION—PLEADING—COMPLAINT.—A complaint in an injunction proceeding to recover possession is sufficient if from its allegations it may be deduced that the defendant violently and against the will of the owner and plaintiff entered the portion of the property in controversy, taking possession of it and fencing it in.

ID.—ID.—ID.—ID.—A complaint in an injunction proceeding to recover possession based on the theory of ouster of possession, is sufficient if it alleges the commission of acts demonstrative of the intention of the defendant to commit the ouster, even admitting failure to allege a permanent and absolute loss of physical possession.

The facts are stated in the opinion.

*Mr. F. González* for the appellant.

*Mr. F. Gallardo* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The present action was brought under Act No. 43 of 1913, as amended by Act No. 11 of 1917. It was alleged in the complaint that the plaintiff was the owner of a certain described property; that notwithstanding the fact that he had his said property enclosed and had placed at its natural entrances notices forbidding the public to enter, the defendant violently and against the will of the plaintiff took possession of a part of the property, which is described. All of this occurred within a year before the complaint was filed and it is further alleged therein that "personally and by his agents, employees and subordinates since the beginning of June, 1921, the defendant has been entering the piece of land described in the fourth count and has commenced to fence it. And the plaintiff alleges that these acts of ouster and taking possession have been committed by the defendant without any right and against the will of the plaintiff who practically has been ousted from the part of his property described in the fourth count."

The defendant demurred and answered. The case was tried and the court gave judgment for the plaintiff with costs. From the opinion of the district judge in support of his judgment we transcribe the following:

"From the evidence examined it has been shown to the satisfaction of the court that within a year prior to the date of filing the complaint, or June 30, 1921, the plaintiff lawfully held the physical possession or tenancy of the 20 acres of land described in the said complaint and devoted to pasture and minor crops, and that early in the said month of June, 1921, the defendant unlawfully entered the said property and without the consent of the plaintiff took possession of it, having personally and by laborers under his direction enclosed it with a wire fence.

"If, as the defendant alleges in his answer, the said 20 acres

of land belong to Florence E. Preston as a part of another property of 200 acres and were being used by Antonio Rotger with the consent of the owner, she may bring the corresponding action to recover, it, but as it has been shown that the plaintiff has been in possession of the property for more than a year prior to the filing of the complaint and was unlawfully dispossessed of it, he is entitled to a judgment.''

The defendant appealed to this court and while the appeal was pending the appellant died. His heirs appeared and stated that they desired to continue prosecuting the appeal, to which the court acceded.

In their brief the appellants assigned two errors committed, in their opinion, by the district court; first, in holding the complaint to be sufficient, and, second, in finding the evidence sufficient as to the alleged loss of possession of the land in question.

In arguing the first assignment the appellants invoke the special Act on the matter and the jurisprudence established by this Supreme Court in the cases of *Del Valle v. Rivera,* 23 P. R. R. 587, and *García v. Rodríguez,* 27 P. R. R. 284.

The Act of 1913 only authorized the granting of an injunction to recover the material possession of a property when the party had been deprived of such possession by the violent or fraudulent acts of another. The decision in the *Del Valle Case, supra,* was rendered when the said Act was in full force. In 1917 the Legislature amended the Act of 1913 extending the granting of injunctions. Since that time injunctions may be granted both for the retention and for the recovery of possession when the interested party shows the commission of ''acts showing intention of disturbing or depriving him of such possession.'' The Act refers to the possessor.

It may be admitted, as the appellants maintain, that in this case the issue was joined on the basis of ouster of pos-

session, but we do not agree that the complaint failed to state sufficient facts. We have transcribed the necessary allegations of the complaint. From them it is deduced that the defendant not only entered the part of the property in question forcibly and against the will of the plaintiff, but also took possession of it. Then the acts constituting the ouster and taking possession are described, one of them, the construction of the fence, being very important. The facts, therefore, are different from those that served as a basis for the jurisprudence established by this court in the case of *Garcia v. Rodríguez, supra.* At all events, even if it should be concluded that a permanent and absolute loss of material possession was not alleged, it would be necessary to conclude that the complaint alleged the commission of acts demonstrative of the intention of the defendant to commit the ouster and the cause of action would be clear in accordance with the Act.

The conclusion which we have reached is fortified by the second assignment of error. If anything was lacking in the complaint it was supplied by the answer. In it there is an allegation reading as follows:

"Fifth.—Of the fifth count the defendant admits that he entered the property of 20 acres for the purpose of fencing it in by order of his principal, Florence E. Preston, the owner of the property, and he denies the rest of this count."

The oral evidence examined was contradictory. We do not think that in weighing it as indicated the court committed any fundamental error.

The judgment appealed from must be

*Affirmed.*

Justices Wolf, Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.